UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

CAMILLA KELLY, D.O.,                :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :    File No. 1:09-CV-70
                                     :
PROVIDENT LIFE AND                   :
ACCIDENT INSURANCE                   :
COMPANY and UNUM GROUP               :
                                     :
    Defendants.                      :
_____ :

RULING ON MOTION TO AMEND ANSWER
(Paper 32)

I.  Introduction

Plaintiff Dr. Camilla Kelly commenced this action against Defendants Provident Life and Accident Insurance Company and Unum Group after her disability benefit payments were discontinued. Kelly alleges she is disabled within the meaning of her policy and seeks unpaid disability benefit payments, among other damages. (Paper 1.) Defendants move to amend their answer to add a counterclaim. (Paper 32.) For the following reasons, Defendants' motion is granted.

II. Analysis

Defendants seek to add a counterclaim to recoup disability benefits paid to Kelly from June 2005 through August 2007. Defendants assert that because their proposed amendment is not frivolous or futile and will not result in prejudice to Kelly or cause undue delay to the proceedings, and denying leave to amend would bar their ability to

seek restitution, justice requires amendment be granted.  (Paper 32 at 4.)  In opposing this motion, Kelly argues the proposed counterclaim is brought in bad faith and will unduly delay the proceedings.  (Paper 40.)

Federal Rule of Civil Procedure 13(f) allows a party to amend its pleading to add a counterclaim if it was omitted due to "oversight, inadvertence, or excusable neglect, or if justice so requires."  Fed. R. Civ. P. 13(f).  This rule must be read in conjunction with the liberal standard of Rule 15(a), which states the "court should freely give leave when justice so requires."  Id. 15(a)(2).  Accordingly, leave to amend should be freely granted but a district court has discretion to deny leave in light of undue delay, bad faith or dilatory motive on the part of the movant, a futile claim, or undue prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962); Min Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).  Delay alone, without some evidence of bad faith or prejudice to the other party, is generally not enough to warrant denial of a motion to amend.  See Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995) (affirming decision allowing amendment of answer more than four years after complaint was filed).

Kelly does not show undue prejudice.  When evaluating whether a party would suffer prejudice as the result of the assertion of a new claim, a trial court must determine whether the new claim will "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action

2

in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Kelly, however, fails to submit any particularized evidence -- instead making only general pronouncements that she will be unduly prejudiced -- of how she would suffer as a result of permitting amendment. The parties dispute whether additional discovery is required for resolution of the counterclaim. Resolution of Kelly's claims will likely yield a determination of the merits of the proposed counterclaim because both rest on Kelly's entitlement to benefits under the policy. Accordingly, little additional discovery should be required. Further, allowing Defendants to amend their answer will not lead to undue delay because discovery is ongoing and is currently stayed pending resolution of a separate motion, see Paper 39. Finally, there is no indication an action in another jurisdiction is likely.

Kelly also contends the motion is made in bad faith. She notes insurance companies have an independent and continuing duty of good faith and fair dealing requiring a "reasonably thorough investigation of relevant facts" and objective evaluation of those facts in light of the insured's interest. (Paper 40 at 2-3.) Kelly insinuates Defendants' decision to seek reimbursement is intended "to gain leverage over [her] lawsuit," and is therefore made in bad faith. Id. at 4. Again, Kelly makes no particularized evidentiary showing. In these circumstances, the Court should refuse to exercise its discretion to deny Defendants leave to amend their answer.

III. Conclusion

Because Kelly has not provided sufficient evidence of bad faith or prejudice, including undue delay, the Court, in its discretion, grants Defendants' motion to amend their answer to assert a counterclaim (Paper 32). Counsel shall forthwith file Defendants' Amended Answer and Counterclaim.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of December 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge