UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CAMILLA KELLY, D.O., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:09-CV-70 |
| | : | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and UNUM GROUP, | : : : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

MEMORANDUM AND ORDER
(Docs. 100, 118, 136)

I.   Introduction

Plaintiff Dr. Camilla Kelly commenced this action against Defendants Provident Life and Accident Insurance Company and Unum Group (collectively, Defendants) after her disability benefit payments were discontinued. Kelly alleges she is disabled within the meaning of her policy and seeks unpaid disability benefit payments, among other damages. Doc. 1. Kelly has filed two separate motions to compel seeking production of prior IME reports and a knowledgeable Rule 30(b)(6) witness. Docs. 100, 118. Defendants oppose both motions, Docs. 120, 132, and also move for leave to file a sur-reply in further opposition to Kelly's 30(b)(6) motion. Doc. 136. For the reasons stated below, Kelly's motion to compel production of the IME reports is granted in part and her motion to compel production of a 30(b)(6) witness is denied. Defendants' motion for leave to file a sur-reply is denied.

II.  Background

The Court presumes familiarity with the facts and procedural history of the case. On March 9, 2010, the Court issued a Memorandum and Order denying the parties' cross-motions for summary judgment. Doc. 77. The parties are currently scheduled to participate in a second ENE session in September 2010 and the case is to be ready for trial by November 30, 2010. Doc. 98.

III. Discussion

The scope of discovery is broad but limited to "any nonprivileged matter that is relevant to any party's claim or defense . . . [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit." Id. 26(b)(2)(C).

A.  Motion to Compel Production of IME Reports

Kelly moves to compel Defendants to produce all prior Independent Medical Examiner (IME) reports prepared for Defendants in other claims by Drs. Mann and Drukteinis -- the IMEs who examined Dr. Kelly and upon whose reports Defendants relied in denying Kelly's disability claim. Doc. 100. Defendants indicate the number of reports prepared in other claimants' cases is less than twenty. Doc. 120 at 1.

The Court finds the expert reports are discoverable because they are relevant to the subject matter of this case and are likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Specifically, the reports may be relevant in determining whether Defendants breached their duty of good faith and fair dealing,

which is alleged in the complaint.  See Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 594 (E.D. Tex. 2003) (requiring production of expert reports because a fact-finder could draw inferences from prior reports).

      The Court acknowledges Defendants' objections to the request -- generally that the reports are not relevant, the request is unduly broad and burdensome, and the redaction of personal information is not sufficient to protect privacy.  Doc. 100 at 3.  Further, Defendants argue the reports:  (1) are not required under Rules 26 and 35 to be disclosed; (2) are cumulative; (3) "add nothing by way of showing bias, and invite distracting 'mini' trials into the underlying psychiatric basis for each report's medical conclusions"; and (4) include confidential psychological information about other claimants, thus privacy concerns outweigh the value of the reports.  Doc. 120 at 1.  The reports may be at least relevant to the breach of good faith and fair dealing claim; and the potential to lead to admissible evidence is all that is required for material to be discoverable under Rule 26(b)(1).  As the number of reports is relatively small, Defendants' unduly broad and burdensome objection is not strong.  The Court, however, orders Defendants to produce only the reports performed during the years of 2005 through 2009.  See Douponce v. Drake, 183 F.R.D. 565, 567 (D. Colo. 1998) (ordering disclosure of IME reports performed within three years and redaction of patient names).  Regarding Defendants' objection that disclosure will "invit[e] distracting 'mini' trials," the Court and parties can easily prescribe the use of the reports at trial to avoid the possibility.  Finally, Kelly has agreed to redaction of the reports and to a protective

order. Doc. 100 at 7. The parties shall stipulate to a confidentiality agreement and protective order governing use and disclosure of the reports.

      B.      <u>Motion to Compel Production of 30(b)(6) Witness</u>

Kelly also moves to compel the production of a knowledgeable 30(b)(6) witness. Doc. 118. In the alternative, she requests an award of sanctions due to Defendants' purported failure to produce a properly prepared witness. <u>Id.</u>

In relevant part, Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). To comply with Rule 30(b)(6), Defendants were required to produce a witness familiar with the subject matter set forth in Kelly's notice, <u>see, e.g.</u>, <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 268 (2d Cir. 1999), and to prepare the designated witness so she may "give complete, knowledgeable and binding answers on behalf of the corporation." <u>McBride v. Medicalodges, Inc.</u>, 250 F.R.D. 581, 584 (D. Kan. 2008). If a party fails to comply with Rule 30, Rule 37 allows courts to impose various sanctions. <u>See</u> Fed. R. Civ. P. 37. For her part, Kelly was required to "designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." <u>McBride</u>, 250 F.R.D. at 584. "[A] witness's failure to testify fully on all the topics set forth in a Rule 30(b)(6) notice is not tantamount to a complete failure to appear justifying sanctions." <u>Fab-Tech, Inc. v.</u>

4

E.I. Dupont de Nemours & Co., No. Civ 1:04CV275, 2006 WL 3702753, at *2 (D. Vt. Dec. 13, 2006) (citation omitted).

Kelly's amended Notice of 30(b)(6) Deposition, Doc. 118-1, lists six matters on which Defendants were to produce a knowledgeable deponent.[1] Only the first topic included a date range -- 2000 to present. Id. at 3. None of the topics refer to the Regulatory Settlement Agreement (RSA) Provident Life and Accident Insurance Company allegedly entered in 2004. See Doc. 118-2 (unsigned copy of RSA).

Defendants designated Sandra Hart -- an employee in the Independent Assessment Network (IAN) responsible for locating and hiring IMEs -- as its deponent under Rule 30(b)(6). Doc. 132 at 2. Her deposition took place on May 28, 2010, see Docs. 118-5, 118-6 (deposition transcript), and lasted approximately three hours. Doc. 132 at 2-3. The transcript indicates Ms. Hart answered many questions resulting in a 165 page transcript of the colloquy with Kelly's counsel.

---

[1]
(1) The criteria and methodology used to select and retain physicians to conduct independent medical consultations from 2000 to the present.
(2) The criteria for rating and/or evaluating independent medical examiners and their reports, including how such ratings or evaluations are recorded, who such ratings or evaluations are done by and how they are maintained.
(3) The rating and/or evaluation of Dr. Stephen Mann and his reports from the time Defendants have maintained information about Dr. Mann to the present, and the rating and/or evaluation of Dr. Mann's reports pertaining to Plaintiff.
(4) The rating and/or evaluation of Dr. Albert Drukteinis and his reports from the time Defendants have maintained information about Dr. Drukteinis to the present, and the rating and/or evaluation of Dr. Drukteinis' reports pertaining to Plaintiff.
(5) The number of times Defendants have utilized Dr. Mann to conduct examinations and the outcomes of all such examinations.
(6) The number of times Defendants have utilized Dr. Drukteinis to conduct examinations and the outcomes of all such examinations.

Doc. 118-1 at 3.

The Court is not persuaded that Ms. Hart was an inadequate 30(b)(6) designee. With respect to topic one, see n.2 supra, Ms. Hart explained in detail the process of hiring IMEs, including the criteria and methodology. Her knowledge of the subject included the time period in which Drs. Mann and Drukteinis were hired to perform Kelly's IME. Kelly has not demonstrated why information from 2000 would be relevant to her claims. She alleges a "pattern and practice" of intentional bad faith, Doc. 1 at 14, and notes that whether Defendants are complying with the RSA will be a central issue in the case. Doc. 118 at 13. Topic one does not mention the RSA, however, and accordingly was not sufficiently specific. Further, as Defendants point out, and Kelly has demonstrated, she has ample access to prior court decisions and information regarding Defendants' claims handling practices prior to entry of the RSA. See, e.g., Docs. 118 at 2-8, 118-6 at 117.

Ms. Hart adequately addressed Kelly's counsel's questions regarding topic two when she answered Defendants have no formal rating or evaluation system, and explained that internal physicians may fill out feedback forms. Doc. 118-5 at 16-20. Kelly's argument that Defendants failed to produce a knowledgeable witness because Ms. Hart could not testify on this subject for the year 2000 lacks merit. The deposition notice did not include a time frame for this topic and defendants were justified in presenting a witness to testify about a reasonable time period including that period in which Kelly's IME was performed. Relatedly, with regard to topics three and four, Ms. Hart testified there was no rating or evaluation of Dr. Mann's or Dr. Drukteinis' reports

except for the comment in Dr. Mann's provider directory noting a very good turnaround time and extensive report. Doc. 118-6 at 93-95.

Lastly, Kelly's objections regarding topics five and six are moot. Defendants have disclosed the number of IMEs the doctors each performed. Doc. 120 at 5-6. In light of the granting in part of Kelly's motion to compel production of prior IME reports, she will be receiving a portion of the doctors' prior IME reports, thus allowing her to decipher the "outcomes." Kelly's request for sanctions is also denied.

IV.   Conclusion

Kelly's motion to compel production of IME reports, Doc. 100, is granted in part and denied in part. Defendants shall produce the prior IME reports of Drs. Mann and Drukteinis prepared for Defendants during 2005 through 2009. The reports shall be redacted and the parties shall stipulate to a confidentiality agreement and protective order governing use and disclosure of the reports. The Court expects the parties to work together amicably in completing discovery as ordered to avoid delays in trial scheduling. Kelly's motion to compel production of a 30(b)(6) witness, Doc. 118, is denied. Defendants' motion for leave to file a sur-reply, Doc. 136, is denied.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of August, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge