UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CAMILLA KELLY, D.O., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:09-cv-00070-jgm |
| | : | |
| PROVIDENT LIFE AND | : | |
| ACCIDENT INSURANCE | : | |
| COMPANY and UNUM GROUP, | : | |
| | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM AND ORDER
(Docs. 151, 154)

I.   Introduction

Plaintiff Dr. Camilla Kelly commenced this action against Defendants Provident Life and Accident Insurance Company and Unum Group (collectively, Defendants) after her disability benefit payments were discontinued.  Kelly alleges she is disabled within the meaning of her policy and seeks unpaid disability benefit payments, among other damages.  Doc. 1.  Kelly has again filed a motion to compel seeking a knowledgeable Rule 30(b)(6) witness, or in the alternative, for an order granting sanctions under Rule 37(d)(1)(A)(3).  Doc. 151.  Defendants oppose the motion.  Doc. 163.  Kelly has also filed a third motion to compel responses to Plaintiffs' First Request for Production of Documents.  Doc. 154.  Defendants oppose the motion Doc. 165.  For the reasons stated below, Kelly's motion to compel production of a 30(b)(6) witness is granted in part and her motion to compel responses to her requests for production of documents is denied.

II.      Background

The Court presumes familiarity with the facts and procedural history of the case. On March 9, 2010, the Court issued a Memorandum and Order denying the parties' cross-motions for summary judgment. Doc. 77. On August 17, 2010, the Court issued a Memorandum and Order granting in part Kelly's motion to compel production of prior IME reports, Doc. 100, and denying her motion to compel production of a knowledgeable Rule 30(b)(6) witness, Doc. 118. Doc. 147. The Court instructed the parties it expected them "to work together amicably in completing discovery as ordered to avoid delays in trial scheduling." Id. at 7. The current motions to compel, also seeking a knowledgeable Rule 30(b)(6) witness as well as responses to Plaintiff's request for production of documents, were filed August 31, 2010. The parties participated in a second unsuccessful ENE session on September 1, 2010. Doc. 164. Discovery was to be concluded by August 31 and the case ready for trial by November 30, 2010 under the current discovery schedule. Doc. 98.

III.     Discussion

The scope of discovery is broad but limited to "any nonprivileged matter that is relevant to any party's claim or defense . . . [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." Id. 26(b)(2)(C).

A.     Motion to Compel Production of 30(b)(6) Witness

Kelly moves to compel the production of knowledgeable 30(b)(6) witnesses and to compel Maureen Griffin to answer questions she refused to answer at her counsel's direction.  Doc. 151.  In the alternative, she requests the sanction under Rule 37(d)(1)(A)(3)[1] of an order precluding Defendants from offering evidence on the issues that were the subject of the depositions.  Id. at 4.

In relevant part, Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .  The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).  To comply with Rule 30(b)(6), Defendants were required to produce a witness familiar with the subject matter set forth in Kelly's notice, see, e.g., Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 268 (2d Cir. 1999), and to prepare the designated witness so she may "give complete, knowledgeable and binding answers on behalf of the corporation." McBride v. Medicalodges, Inc., 250 F.R.D. 581, 584 (D. Kan. 2008).  If a party fails to comply with Rule 30, Rule 37 allows courts to impose various sanctions.  See Fed. R. Civ. P. 37.  For her part, Kelly was required to "designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." McBride, 250 F.R.D. at 584.  "[A] witness's failure to testify fully on all the topics set forth in a Rule 30(b)(6) notice is not tantamount to a complete failure to appear justifying sanctions . . ." Fab-Tech, Inc. v. E.I. Dupont de Nemours

---

[1]     The Court infers Kelly is actually referring to Fed. R. Civ. P. 37(d)(3) because her citations to Rule 37(d)(1)(A)(3) include the parenthetical "sanctions may include any of the orders listed in Rule 37(b)(2)(a)(i)-(vi)," which is a quotation of Rule 37(d)(3).

3

& Co., No. Civ 104CV275, 2006 WL 3702753, at *2 (D. Vt. Dec. 13, 2006) (internal quotation and citation omitted).

>The 30(b)(6) deposition notice concerned the following topic:
>
>> Any and all changes in the Defendants' claim handling procedures, and in the tracking and reporting of financial results of the claims department as a direct or indirect result of the Multistate Conduct Examination Settlement Agreement and/or the California Settlement Agreement, and any amendments to either, including, but not limited to, any differences or adjustments in the oversight of general claims handling practices, any changes in the organization of the claims operation, and any changes and/or additions to the training of people responsible for the administration of claims; and any differences or modifications in the method and/or use of claim recovery and/or termination projections, goals, targets and the reporting thereof.

Doc. 153-5.

Plaintiff's Motion to Compel Defendants to Produce Knowledgeable Witnesses to Testify Concerning the Matters Identified in Plaintiff's Notice of 30(b)(6) Depositions, or, in the Alternative, for an Order Granting Sanctions Pursuant to Rule 37(d)(1)(A)(3) is granted in part.

The Plaintiff may redepose Maureen Griffin regarding her knowledge of the matters in the Second Amended Notice of 30(b)(6) Deposition, Doc. 153-5, not covered at her June 4, 2010 deposition. The deposition will be held at a time and place agreed to by Plaintiff's and Defendants' counsel but no later than January 28, 2011 and shall be limited to no more than four hours. Ms. Griffin may testify to those matters of which she has knowledge after she became a Regional Vice-President overseeing Unum's Individual Disability Benefit Operations. The Court finds that additional questions by Plaintiff's counsel concerning her knowledge of facts when she was house counsel in Unum's law department are not relevant to the issues in this case considering that Defendants entered into a Regulatory Settlement Agreement with the lead Insurance Regulators in November 2005. In all other respects, the motion is denied.

B.     Third Motion to Compel Responses to Request for Production of Documents

Plaintiff's first motion to compel concerning her First Request for Production of Documents, filed December 23, 2009, Doc. 61, was denied without prejudice to renew following ruling on the then-pending motion for summary judgment. Doc. 69 (text only order). After the Court denied the parties' cross-motions for summary judgment in March 2009, Doc. 77, the motion was renewed as a second motion to compel on May 20, 2010, Doc. 104. On June 14, the second motion was also denied without prejudice to renew following Plaintiff's review of a prior discovery letter from Defendants addressing many of the requests at issue in the motion. Doc. 124 (text only order). On August 31, the deadline for discovery, Plaintiff filed a third motion to compel. Doc. 154.

The Court has both substantive and procedural concerns regarding Plaintiff's third motion to compel this discovery, which includes 28 -- over half -- of Plaintiff's requests for production (RPD or request). Substantively, many of the disputed requests (see, e.g., RPD 39, 56) contain no date limitation or limit to Plaintiff's claim, or request information from 2000 (see, e.g., RPD 41, 61) or 1995 (see, e.g., RPD 47-49, 53) to the present, or seek information regarding other cases that predate the regulatory settlement Defendants entered in 2005 (see, e.g., 46, 50, 62). Doc. 154-2 (exhibit A to motion to compel reproducing select RPDs and the Defendants' responses). The Court previously noted in its Ruling on Plaintiff's Motion to Compel Production of Prior IME Reports that Plaintiff "has not demonstrated why information from 2000 would be relevant to her claims." Doc. 147 at 6.

Procedurally, Plaintiff waited over ten weeks after the Court's June 14, 2010 Order to consult with Defendants regarding this motion, first writing to them via email on Thursday August 26. Doc 155-2. Discovery was due to close on Tuesday August 31 -- the day Plaintiff filed this

motion.  Further, the electronically stored information discovery deadline was July 15, 2010, and several of the RPDs concern this type of information.

Additionally, the Court notes Plaintiff's briefing violates many provisions of this District's Local Rules.  Most significantly, her memo does not reproduce the RPDs and objections at issue in violation of L.R. 26(d)(3)(B).  Rule 26(d)(3)(B) requires "a specific verbatim listing of each discovery item sought or opposed, including the reason the item should be allowed or disallowed."  Id. Further, the exhibit Plaintiff submitted with the motion, purporting to reproduce the disputed requests, is incomplete.  Doc. 154-2 (for example, the responses to RPD 53 and 56 refer to the response to RPD 51, which is not included in the exhibit).  Plaintiff's memos also use a font size smaller than 12 point in violation of L.R. 10(a)(4) and -- despite the tiny font size -- her reply violates the page limit of L.R. 7(a)(5).  In the future, the Court expects Plaintiff to abide by the Local Rules and will not consider filings not in compliance.

For the above substantive and procedural reasons, the Court denies Plaintiff's Third Motion to Compel responses to Plaintiff's First Request for Production of Documents.

IV.     Conclusion

Kelly's motion to compel production of knowledgeable 30(b)(6) witnesses, or for sanctions, Doc. 151, is GRANTED in part and DENIED in part.  Plaintiff may redepose Maureen Griffin, in accordance with the Court's instructions in Part III.A. above, at a time and place agreed to by Plaintiff's and Defendants' counsel but no later than January 28, 2011.  In all other respects, the motion is denied.  Kelly's motion to compel responses to her First Request for Production of Documents, Doc. 154, is DENIED.  The Court considers discovery to be closed and this case ready for trial upon the conclusion of the January deposition and resolution of the currently pending motion for partial summary judgment, Doc. 158.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of December, 2010.

<u>/s/ J. Garvan Murtha</u>  
Honorable J. Garvan Murtha  
Senior United States District Judge