UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CAMILLA KELLY, D.O., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    File No. 1:09-cv–70-jgm |
| | : |
| PROVIDENT LIFE AND | : |
| ACCIDENT INSURANCE | : |
| COMPANY and UNUM GROUP | : |
| | : |
| Defendants. | : |
| _____ | : |

## MEMORANDUM AND ORDER ON ISSUE TWO OF DEFENDANTS' MOTION IN LIMINE REGARDING MISCELLANEOUS EVIDENTIARY ISSUES
(Docs. 202, 214)

Defendants moved in limine to preclude from admission into evidence or mention at trial that Defendants asserted and subsequently withdrew a counterclaim for restitution of benefits. See Doc. 202 at 4-7. The Court denied the motion at the pretrial conference on April 25, 2011, and granted the Defendants' Motion to Dismiss Counterclaim (Doc. 214), but deferred ruling on whether to allow evidence of the effect asserting and withdrawing the Counterclaim had on the Plaintiff. See Minute Entry, ECF No. 225.

Upon consideration of the pleadings and arguments of counsel, the Court will allow testimony from Plaintiff that the counterclaim was brought and whether or not it affected her emotionally or physically.

As stated in a prior ruling by the Court concerning Defendants' motion to amend their answer to add a counterclaim:

> Kelly also contends the motion is made in bad faith. She notes insurance companies have an independent and continuing duty of good faith and fair dealing requiring a "reasonably thorough investigation of relevant facts" and objective evaluation of those facts in light of the insured's interest. (Paper 40 at 2-3.) Kelly insinuates Defendants' decision to seek reimbursement is intended "to gain leverage

> over [her] lawsuit," and is therefore made in bad faith. <u>Id.</u> at 4. Again, Kelly makes no particularized evidentiary showing. In these circumstances, the Court should refuse to exercise its discretion to deny Defendants leave to amend their answer.

(Doc. 59 at 3.)

Therefore, the reasons for the counterclaim, filed in December 2009, and its subsequent withdrawal are irrelevant to the central issue in this case, which is whether the Defendants acted unreasonably when they terminated Plaintiff's benefits in 2007. Furthermore, even if relevant, the probative value of discussion of the reasoning for the counterclaim and dismissal by the Court "is substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, or . . . waste of time." Fed. R. Evid. 403.

If requested, the Court would consider instructing the jury to the effect that they are to disregard and not consider the fact that the counterclaim is no longer part of the case.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of May, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge